LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-02054 BRO (FFMx) | Date | October 7, 2016 |
|---|---|---|---|
| Title | ANGELA BIRDSELL V. THE GEO GROUP INC ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION

Plaintiff Angela Birdsell ("Plaintiff") brought this action in the Superior Court of California, County of San Bernardino, on August 9, 2016. (*See* Dkt. No. 1-3.) On August 22, 2016, she filed a First Amended Complaint in Superior Court. (Dkt. No. 1-4 (hereinafter, "FAC").) Defendant The GEO Group, Inc. ("Defendant") removed the action to this Court on September 28, 2016. (*See* Dkt. No. 1 (hereinafter, "Removal").) Plaintiff's Complaint indicates that seeks to represent "herself and a national class" to recover from Defendant for its alleged misappropriation or misuse of sensitive medical information. (*See* Removal ¶ 2; FAC.)

A federal court must determine its own jurisdiction, even where there is no objection to it. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Defendant removed Plaintiff's Complaint pursuant to 28 U.S.C. § 1332(a), which allows for federal subject matter jurisdiction so long as all plaintiffs are diverse from all defendants and the amount in controversy is, at minimum, $75,000. *See* Fed. R. Civ. P. 1332(a). Defendant's removal alleges that Plaintiff is a California resident and Defendant is a Florida corporation with its principal place of business also in Florida. (Removal ¶¶ 8–10.) To meet the amount in controversy requirement, Defendant alleges that Plaintiff's causes of action allow for statutory damages of $1,000 per class member, meaning at least $400,000 in damages may be at issue in this case. (Removal ¶ 12.)

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-02054 BRO (FFMx) | Date | October 7, 2016 |
|---|---|---|---|
| Title | ANGELA BIRDSELL V. THE GEO GROUP INC ET AL. | | |

But in its Removal, Defendant does not establish that all members of the "national class" (i.e., the plaintiffs) that Plaintiff seeks to represent are diverse from Defendant. Thus, it is not clear that removal is proper under § 1332(a). Moreover, 28 U.S.C. § 1332(d) specifically authorizes the removal of class actions, so long as "any member of a class of plaintiffs is a citizen of a State different from any defendant," and "the matter in controversy exceeds the sum or value of $5,000,000." *See* 28 U.S.C. § 1332(d)(2). Therefore, while Defendant's failure to establish that all class members are diverse from Defendant is not fatal under 28 U.S.C. § 1332(d), Defendant has failed to establish that damages are likely to exceed $5,000,000. Therefore, it is also not clear that Defendant's removal is proper under 28 U.S.C. § 1332(d).

Accordingly, Defendant is **ORDERED** to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. Defendant shall file its response to this Order **no later than Thursday, October 13, 2016, at 4:00 p.m.**

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |